## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON JAMPOL, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| BLINK HOLDINGS, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Brandon Jampol ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant Blink Holdings, Inc. ("Blink Fitness" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

### FACTS COMMON TO ALL CAUSES OF ACTION

1.      Defendant Blink Fitness has made the unconscionable decision to charge its members for the full month of March 2020, despite closing all of its gyms in various states as the novel coronavirus, COVID-19, rages throughout the world and the United States economy has gone into a deep recession.

2.      Defendant is one of the fastest growing companies in the United States[1] and is the operator of more than 100 gyms or "health clubs" throughout the country, about half of which are located in New York City.[2]  To use Defendant's gyms, Defendant's customers must pay an annual fee of approximately $50.00 per year, in addition to a monthly fee of between $15.00 to $27.00 per month.

---

[1] *Blink Fitness Recognized by Inc. 5000 as One of America's Fastest Growing Private Companies*, CISION PR NEWSWIRE, Aug. 28, 2018, https://www.prnewswire.com/news-releases/blink-fitness-recognized-by-inc-5000-as-one-of-americas-fastest-growing-private-companies-300703343.html (last accessed Apr. 2, 2020).
[2] BLINK FITNESS LOCATIONS, https://www.blinkfitness.com/locations (last accessed Apr. 2, 2020) (counting the number of gyms in the five boroughs of New York City).

3.      To sign up for Defendant's memberships, customers provide Defendant with their credit card or debit card information.  Defendant then automatically charges its customers' credit or debit cards as payments are due on a monthly basis.

4.      On March 16, 2020, Defendant announced that it was closing all of its gyms in the following states until further notice:  California, Florida, Illinois, Massachusetts, Michigan, New Jersey, New York, Pennsylvania, Texas, and Virginia.[3]  Defendant promised that it would be freezing members' monthly dues going forward.  Nonetheless, Defendant charged its members for the full month of March, despite closing its gyms halfway through the month. Defendant thus deprived its members of the full benefit of the bargain.

5.      Defendant is able to unilaterally charge its millions of customers monthly fees without their consent, as it is in possession of its customers' debit and credit card information. Thus, Defendant has made the deliberate decision to bilk its customers out of their money at a difficult time while its customers do not have access to Defendant's gyms.  The sole reason Defendant's customers pay monthly membership fees is to have *access* to Defendant's gyms. Now, Defendant is charging its customers the price for a full month while denying customers all access to all of Defendant's gyms in various states.

6.      Plaintiff seeks relief in this action individually, and on behalf of all of a Class and Subclass of Defendant's customers that were charged fees for the full month of March 2020 despite the closure of Defendant's gyms.  Plaintiff brings claims for (i) negligent misrepresentation, (ii) fraud, (iii) unjust enrichment, (iv) money had and received, (v) conversion, (vi) breach of contract, (vii) violation of New York General Business Law § 349, (viii) violation of New York General Business Law § 350, and (ix) violation of New York General Business Law §§ 620, *et seq*.

---

[3] Blink Fitness Gym Updates, https://www.blog.blinkfitness.com/blink-fitness-gym-updates (last accessed Apr. 2, 2020).

**PARTIES**

7.      Plaintiff Brandon Jampol is a citizen of New York who resides in New York County.  Mr. Jampol is a current member at Defendant's Blink Fitness gyms, paying approximately $27.00 per month with an annual fee of approximately $50.00 per year.  Plaintiff has been a member since January 2020.  On March 16, 2020, Defendant closed all of its Blink Fitness gyms in various states, including the Blink Fitness gym in New York City that Plaintiff attended.  However, on March 3, 2020, Defendant charged Plaintiff's debit card in the full amount of his membership – approximately $27.00 – even though Plaintiff did not have access to any of Defendant's after March 16.  Defendant has not refunded or attempted to refund Plaintiff any part of his monthly fee for March 16 through March 31, 2020, when Defendant's gyms were closed.  Plaintiff signed up for Defendant's month-to-month membership with the belief and on the basis that he would have access to Defendant's gyms for the entirety of the month.  Plaintiff would not have paid for the membership, or would not have paid for it on the same terms, had he known that he would not have access to any of Defendant's gyms.

8.      Defendant Blink Holdings, Inc. is a Delaware corporation with a principal place of business at 386 Park Avenue South, Floor 11, New York, New York 10016.  Defendant is the operator of over 100 gyms nationwide, including gyms in New York.  Defendant operates these gyms under the "Blink Fitness" moniker.

**JURISDICTION AND VENUE**

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and at least one member of the proposed Class is a citizen of a state different from  Defendant.

10.      This Court has general jurisdiction over Defendant because it is headquartered in New York.

11.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 Defendant is headquartered in this District.

## CLASS REPRESENTATION ALLEGATIONS

12.     Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all of Defendant's customers who were charged a membership fee for a month during which Defendant's gyms were closed due to COVID-19 (the "Class").

13.     Plaintiff also seeks to represent a subclass defined as all members of the Class who are members at a gym in New York (the "Subclass").

14.     The Class and Subclass shall collectively be referred to as the "Classes."

15.     Plaintiff reserves the right to amend or modify the definition of the Classes with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

16.     Excluded from the Classes are the Defendant, the officers and directors of the Defendant at all relevant times, members of its immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.

17.     Plaintiff is a member of the Class and Subclass he seeks to represent.

18.     Defendant has hundreds of thousands of customers nationwide that have paid or were charged fees while Defendant's gyms were closed.  Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable.  The precise number of Members of the Classes and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Members of the Classes may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

19.     Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual members of the Classes.  Common legal and factual questions include but are not limited to whether Defendant has breached its contract with its customers and whether its actions are fraudulent and unlawful.

20.     The claims of the named Plaintiff are typical of the claims of the Classes in that the named Plaintiff was exposed to Defendant's false and misleading advertising and was charged membership fees for the full month of March 2020 despite being barred from entry into Defendant's gyms, and suffered losses as a result.

21.     Plaintiff is an adequate representative of the Classes because Plaintiff's interests do not conflict with the interests of the members of the Classes that Plaintiff seeks to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and Plaintiff intends to prosecute this action vigorously.  The interests of members of the Classes will be fairly and adequately protected by Plaintiff and his counsel.

22.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the members of the Classes.  Each individual member of the Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Negligent Misrepresentation

23.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

24.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

25.     As discussed above, Defendant misrepresented that its gyms would be accessible to those who paid the monthly fee.  However, Defendant in fact charged the full price for monthly memberships despite closing its gyms for half the month of March 2020.

26.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

27.     At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about its gym memberships and services.

28.     The negligent misrepresentations and omissions made by Defendant, upon which Plaintiff and members of the Classes reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Members of the Classes to purchase Defendant's gym memberships.

29.     Plaintiff and members of the Classes would not have purchased Defendant's gym memberships, or would not have purchased the services on the same terms, if the true facts had been known.

30.     The negligent actions of Defendant caused damage to Plaintiff and Members of the Classes, who are entitled to damages and other legal and equitable relief as a result.

## COUNT II
### Fraud

31.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

32.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

33.     As discussed above, Defendant misrepresented that its gyms would be accessible to those who paid the monthly fee.  However, Defendant in fact charged the full price for monthly memberships despite closing its gyms for half the month of March 2020.

34.     These misrepresentations and omissions were made with knowledge of their falsehood.

35.     The misrepresentations and omissions made by Defendant, upon which Plaintiff and members of the Classes reasonably and justifiably relied, were intended and actually induced Plaintiff and Members of the Classes to Defendant's gym memberships.

36.     The fraudulent actions of Defendant caused damage to Plaintiff and Members of the Classes, who are entitled to damages and other legal and equitable relief as a result.

## COUNT III
### Unjust Enrichment

37.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

38.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

39.     Plaintiff and members of the Classes conferred benefits on Defendant by paying, and being charged, membership fees while for the entirety of March 2020 despite Defendant's gyms being closed for half the month.

40.     Defendant has knowledge of such benefits.

41.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and members of the Classes' membership fees.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant is charging its customers for the entirety of March 2020 despite Defendant's gyms being closed for half the month.  These misrepresentations and charges caused injuries to Plaintiff and members of the Classes because they would not have paid Defendant's membership fees had the true facts been known.

42.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Classes is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Classes for their unjust enrichment, as ordered by the Court.

## COUNT IV
### Money Had and Received

43.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

44.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

45.     Defendant received money in the form of membership fees that was intended to be used for the benefit of Plaintiff and the Classes, those membership fees were not used for the benefit of Plaintiff and the Classes, and Defendant has not given back or refunded the wrongfully obtained money and membership fees to Plaintiff and the Classes.

46.     Defendant obtained money in the form of membership fees that was intended to be used to provide gym access to Plaintiff and the Classes.  However, Defendant has retained all of the membership fees for March 2020 while closing its gyms for half the month.

## COUNT V
### Conversion

47.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

48.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

49.     Plaintiff and members of the Classes had a right to retain their March 2020 membership fees while all of Defendant's gyms were and remain closed.

50.     Defendant intentionally charged Plaintiff's and members of the Classes' debit and credit cards in the full amount of the monthly membership fees while Defendant's gyms were closed.

51.     Plaintiff and Members of the Classes did not consent to Defendant's charging of their debit and credit cards while Defendant's gyms were closed.

52.     Plaintiff and members of the Classes were harmed through Defendant's charging of their debit and credit cards.

53.     Defendant's conduct was a substantial factor in causing Plaintiff and Members of the Classes' harm.

## COUNT VI
### Breach of Contract

54.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

55.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

56.     Defendant entered into contracts with Plaintiff and Members of the Classes to provide access to gym facilities in exchange for the payment of membership fees.

57.     Defendant has breached these contracts by charging Plaintiff and Members of the Classes' debit and credit cards while for the full month of March 2020 despite closing its gyms for the latter half of the month.

58.     Plaintiff and members of the Classes have suffered an injury through the payment of membership fees while not having access to Defendant's gyms.

## COUNT VII
### Violation of New York General Business Law § 349

59.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

60.     Plaintiff brings this claim individually and on behalf of the members of the proposed Subclass against Defendant.

61.     By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by making false representations on the labeling of Coleman Bands.

62.     The foregoing deceptive acts and practices were directed at consumers.

63.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresented the ability of Plaintiff and the Subclass members to access Defendant's gym despite paying the full monthly fee.

64.     Plaintiff and members of the Subclass were injured as a result because (a) they would not have paid Defendant's monthly fee for March 2020 had they known that they would not be able to access Defendant's gyms for the latter half of the month, and (b) they overpaid for their gym memberships on account of these misrepresentation.

65.     On behalf of himself and other members of the Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT VIII
### Violation of New York General Business Law § 350

66.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

67.     Plaintiff brings this claim individually and on behalf of members of the proposed Subclass against Defendant.

68.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting the ability of Plaintiff and Subclass members to access Defendant's gyms for the entirety of March 2020.

69.     The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

70.     This misrepresentation has resulted in consumer injury or harm to the public interest.

71.     As a result of this misrepresentation, Plaintiff and members of the New York

Subclass have suffered economic injury because (a) they would not have paid Defendant's

monthly fee for March 2020 had they known that they would not be able to access Defendant's

gyms for the latter half of the month, and (b) they overpaid for their gym memberships on

account of these misrepresentation.

72.     On behalf of himself and other members of the New York Subclass, Plaintiff

seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages

or five hundred dollars, whichever is greater, three times actual damages, and reasonable

attorneys' fees.

## COUNT IX
### Violation of New York General Business Law §§ 620, *et seq.*

73.     Plaintiff incorporates by reference and re-alleges each and every allegation set

forth above as though fully set forth herein.

74.     Plaintiff brings this claim individually and on behalf of members of the proposed

Subclass against Defendant.

75.     Under New York General Business Law ("GBL") § 627, any contract for health

studio services entered into that does not comply with the provisions of GBL §§ 620, *et seq.* shall

be void and unenforceable.

76.     Here, Plaintiff and members of the Subclass signed up for Defendant's gym

membership based on Defendant's false and misleading representation that they would have

access to Defendant's gyms for the entirety of the month of March 2020.  However, Defendant

unilaterally charged Plaintiff and members of the Subclass the full cost of membership for March

2020 despite closing their gyms for the latter half of the month.

77.     Defendant's acts are in violation of GBL § 626(7), which prohibits "unfair and

11

deceptive trad practice[s]" defined as "misrepresent[ing] the nature and extent of any personal services, guidance, assistance, or other attention the business will provide for consumers"

78.     Accordingly, the membership contracts are void and Defendant must refund all of the memberships charged while its gyms were and remain closed.  Further, Plaintiff and the Subclass members are entitled to actual damages, treble damages, and reasonable attorneys' fees. GBL § 628(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Class and Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the members of the Class and Subclass;

(b) For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

(c) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(d) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees

and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any

and all issues in this action so triable of right.

Dated:  April 2, 2020                              Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:    */s/ Andrew J. Obergfell*
           Andrew J. Obergfell

Andrew J. Obergfell
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail:  aobergfell@bursor.com

**BURSOR & FISHER, P.A.**
Yeremey Krivoshey *(Pro Hac Vice Forthcoming)*
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail:  ykrivoshey@bursor.com

*Attorneys for Plaintiff*